**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT VANDEVENTER,

　　　　Petitioner-Appellant,

v.

TRAVIS TRANI, Warden, Limon
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　Respondents-Appellees.

No. 09-1417

(D.C. No. 09-CV-01742-ZLW)

(D. Colo.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner, a *pro se* state prisoner currently incarcerated in Limon,

Colorado, seeks a certificate of appealability to appeal the district court's denial

of his § 2254 habeas petition.  Petitioner was sentenced to serve two consecutive

twenty-four year terms after pleading guilty to two counts of aggravated robbery.

Following an unsuccessful direct appeal of this conviction, Petitioner filed

unsuccessful motions in Colorado state court in 1999 and 2003 seeking post-

conviction review under Rule 35 of the Colorado Rules of Criminal Procedure.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2004, Petitioner again filed a *pro se* motion in state court under Rule 35(c), asserting an invalid guilty plea and ineffective assistance of counsel. Without conducting a hearing, the state trial court dismissed this motion as time-barred under Colo. Rev. Stat. § 16-5-402. The Colorado Court of Appeals affirmed the dismissal, and the Colorado Supreme Court denied certiorari. Petitioner then filed the instant action with the federal district court in Colorado, claiming that the Colorado state court's failure to hold a hearing concerning the timeliness of the motion violated his due-process rights.

After reviewing Petitioner's motion, the district court dismissed the claim, citing to our holding in *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998), that "because the constitutional error [the Petitioner] raises focuses only on the State's post conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." Petitioner appeals this order, arguing that the district court did not adhere to the proper standard of review in reviewing his *pro se* motion. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After review of Petitioner's filings, the district court's order, and the record on appeal, we conclude the district court correctly found that Petitioner has not shown the denial of a constitutional right. Therefore, for substantially the reasons

set forth in the district court's order, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. However, we **GRANT** his motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge